UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ALFRED L. GEORGE,

       Petitioner,

v.                                  Case No. 3:20-cv-608-MMH-MCR

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

       Respondents.

_____

## ORDER

### I. Status

Petitioner Alfred L. George, an inmate of the Florida penal system, initiated this action in the United States District Court for the Southern District of Florida on November 13, 2019,[1] by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1).[2] The assigned judge transferred the action to the Middle District of Florida on June 15, 2020. Doc. 7. In the Petition, George challenges a 2013 state court (Duval County, Florida) judgment of conviction for burglary of an occupied dwelling. He raises three grounds for relief. See Petition at 5-10. Respondents submitted a

_____

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).

[2] For purposes of reference to pleadings and exhibits, the Court will cite the document page numbers assigned by the Court's electronic docketing system.

memorandum in opposition to the Petition. See Response (Doc. 17). They also submitted exhibits. See Doc. 17-1. George filed a brief in reply. See Reply (Doc. 19). This action is ripe for review.

## II. Relevant Procedural History

On March 15, 2013, the State of Florida charged George by information with burglary of an occupied dwelling (count one). Doc. 17-1 at 23. At the conclusion of a trial, on October 8, 2013, the jury found George guilty of count one. Id. at 55, 57. On November 22, 2013, the trial court sentenced George to a fifteen-year term of imprisonment. Id. at 108-13.

On direct appeal, George, with the benefit of counsel, filed an initial brief and an amended initial brief, arguing the trial court erred when it: denied George's motion for a judgment of acquittal (ground one); refused to instruct the jury on the defense of abandonment (ground two); and refused to instruct the jury on attempted burglary (ground three). Id. at 538-600. The State filed an answer brief. Id. at 602-40. George filed a reply brief. Id. at 642-51. Florida's First District Court of Appeal (First DCA) per curiam affirmed George's conviction and sentence without a written opinion on April 20, 2015, id. at 653, and issued the mandate on May 6, 2015, id. at 655.

On February 22, 2016, George filed a pro se motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Id. at 692-710. In his Rule 3.850 Motion, George alleged counsel was ineffective when he failed to: call Deputy H.R. Brooks as a witness (ground one); file a motion to exclude George's confession (ground one-subclaim two); request a jury instruction on burglary, a lesser included offense (ground one-subclaim three); and object to the trial court "read[ing] back" to the jury witnesses' testimony to the jury (ground one-subclaim four). Id. at 695-710. On August 8, 2017, the postconviction court summarily denied relief on all grounds. Id. at 717-23. The First DCA per curiam affirmed the denial of relief without a written opinion on June 20, 2019, id. at 787, and issued the mandate on July 19, 2019, id. at 788.

### III. One-Year Limitations Period

This action was timely filed within the one-year limitations period. See 28 U.S.C. § 2244(d).

### IV. Evidentiary Hearing

In a habeas corpus proceeding, the burden is on the petitioner to establish the need for a federal evidentiary hearing. See Chavez v. Sec'y, Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011). "In deciding whether to

3

grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007); Jones v. Sec'y, Fla. Dep't of Corr., 834 F.3d 1299, 1318-19 (11th Cir. 2016). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Schriro, 550 U.S. at 474. The pertinent facts of this case are fully developed in the record before the Court. Because the Court can "adequately assess [George's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), an evidentiary hearing will not be conducted.

## V. Governing Legal Principles

### A. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs a state prisoner's federal petition for habeas corpus. See Ledford v. Warden, Ga. Diagnostic & Classification Prison, 818 F.3d 600, 642 (11th Cir. 2016). "'The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction.'" Id. (quoting Greene

4

v. Fisher, 565 U.S. 34, 38 (2011) (quotation marks omitted)). As such, federal habeas review of final state court decisions is "'greatly circumscribed' and 'highly deferential.'" Id. (quoting Hill v. Humphrey, 662 F.3d 1335, 1343 (11th Cir. 2011) (quotation marks omitted)).

The first task of the federal habeas court is to identify the last state court decision, if any, that adjudicated the claim on the merits. See Marshall v. Sec'y, Fla. Dep't of Corr., 828 F.3d 1277, 1285 (11th Cir. 2016). The state court need not issue a written opinion explaining its rationale in order for the state court's decision to qualify as an adjudication on the merits. See Harrington v. Richter, 562 U.S. 86, 100 (2011). Where the state court's adjudication on the merits is unaccompanied by an explanation, the United States Supreme Court has instructed:

> [T]he federal court should "look through" the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning.

Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018). The presumption may be rebutted by showing that the higher state court's adjudication most likely relied on different grounds than the lower state court's reasoned decision,

such as persuasive alternative grounds that were briefed or argued to the higher court or obvious in the record it reviewed. Id. at 1192, 1196.

If the claim was "adjudicated on the merits" in state court, § 2254(d) bars relitigation of the claim unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Richter, 562 U.S. at 97-98. The Eleventh Circuit describes the limited scope of federal review pursuant to § 2254 as follows:

> First, § 2254(d)(1) provides for federal review for claims of state courts' erroneous legal conclusions. As explained by the Supreme Court in Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 146 L.Ed.2d 389 (2000), § 2254(d)(1) consists of two distinct clauses: a "contrary to" clause and an "unreasonable application" clause. The "contrary to" clause allows for relief only "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. at 413, 120 S. Ct. at 1523 (plurality opinion). The "unreasonable application" clause allows for relief only "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id.

6

Second, § 2254(d)(2) provides for federal review for claims of state courts' erroneous factual determinations. Section 2254(d)(2) allows federal courts to grant relief only if the state court's denial of the petitioner's claim "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The Supreme Court has not yet defined § 2254(d)(2)'s "precise relationship" to § 2254(e)(1), which imposes a burden on the petitioner to rebut the state court's factual findings "by clear and convincing evidence." See Burt v. Titlow, 571 U.S. ---, ---, 134 S. Ct. 10, 15, 187 L.Ed.2d 348 (2013); accord Brumfield v. Cain, 576 U.S. ---, ---, 135 S. Ct. 2269, 2282, 192 L.Ed.2d 356 (2015). Whatever that "precise relationship" may be, "'a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'" Titlow, 571 U.S. at ---, 134 S. Ct. at 15 (quoting Wood v. Allen, 558 U.S. 290, 301, 130 S. Ct. 841, 849, 175 L.Ed.2d 738 (2010)).

Tharpe v. Warden, 834 F.3d 1323, 1337 (11th Cir. 2016). Also, deferential review under § 2254(d) generally is limited to the record that was before the state court that adjudicated the claim on the merits. See Cullen v. Pinholster, 563 U.S. 170, 182 (2011) (stating the language in § 2254(d)(1) "requires an examination of the state-court decision at the time it was made").

Thus, "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." Burt v. Titlow,

7

134 S. Ct. 10, 16 (2013). "Federal courts may grant habeas relief only when a state court blundered in a manner so 'well understood and comprehended in existing law' and 'was so lacking in justification' that 'there is no possibility fairminded jurists could disagree.'" <u>Tharpe</u>, 834 F.3d at 1338 (quoting <u>Richter</u>, 562 U.S. at 102-03). This standard is "meant to be" a "difficult" one to meet. <u>Richter</u>, 562 U.S. at 102. Thus, to the extent that the petitioner's claims were adjudicated on the merits in the state courts, they must be evaluated under 28 U.S.C. § 2254(d).

## B. Ineffective Assistance of Trial Counsel

"The Sixth Amendment guarantees criminal defendants the effective assistance of counsel. That right is denied when a defense attorney's performance falls below an objective standard of reasonableness and thereby prejudices the defense." <u>Yarborough v. Gentry</u>, 540 U.S. 1, 5 (2003) (per curiam) (citing <u>Wiggins v. Smith</u>, 539 U.S. 510, 521 (2003), and <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984)).

> To establish deficient performance, a person challenging a conviction must show that "counsel's representation fell below an objective standard of reasonableness." [<u>Strickland</u>,] 466 U.S. at 688, 104 S. Ct. 2052. A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. <u>Id.</u>, at 689, 104

8

S. Ct. 2052. The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id., at 687, 104 S. Ct. 2052.

With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id., at 694, 104 S. Ct. 2052. It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." Id., at 693, 104 S. Ct. 2052. Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id., at 687, 104 S. Ct. 2052.

Richter, 562 U.S. at 104. The Eleventh Circuit has recognized "the absence of any iron-clad rule requiring a court to tackle one prong of the Strickland test before the other." Ward, 592 F.3d at 1163. Since both prongs of the two-part Strickland test must be satisfied to show a Sixth Amendment violation, "a court need not address the performance prong if the petitioner cannot meet the prejudice prong, and vice-versa." Id. (citing Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000)). As stated in Strickland: "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697.

9

A state court's adjudication of an ineffectiveness claim is accorded great

deference.

> "[T]he standard for judging counsel's representation is a most deferential one." <u>Richter</u>, 562 U.S. at ---, 131 S. Ct. at 788. But "[e]stablishing that a state court's application of <u>Strickland</u> was unreasonable under § 2254(d) is all the more difficult. The standards created by <u>Strickland</u> and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." <u>Id.</u> (citations and quotation marks omitted). "The question is not whether a federal court believes the state court's determination under the <u>Strickland</u> standard was incorrect but whether that determination was unreasonable — a substantially higher threshold." <u>Knowles v. Mirzayance</u>, 556 U.S. 111, 123, 129 S. Ct. 1411, 1420, 173 L.Ed.2d 251 (2009) (quotation marks omitted). If there is "any reasonable argument that counsel satisfied <u>Strickland</u>'s deferential standard," then a federal court may not disturb a state-court decision denying the claim. <u>Richter</u>, 562 U.S. at ---, 131 S. Ct. at 788.

<u>Hittson v. GDCP Warden</u>, 759 F.3d 1210, 1248 (11th Cir. 2014); <u>Knowles v.</u>

<u>Mirzayance</u>, 556 U.S. 111, 123 (2009). In other words, "[i]n addition to the

deference to counsel's performance mandated by <u>Strickland</u>, the AEDPA adds

another layer of deference — this one to a state court's decision — when we

are considering whether to grant federal habeas relief from a state court's

decision." <u>Rutherford v. Crosby</u>, 385 F.3d 1300, 1309 (11th Cir. 2004). As

such, "[s]urmounting <u>Strickland</u>'s high bar is never an easy task." <u>Padilla v.</u>

<u>Kentucky</u>, 559 U.S. 356, 371 (2010).

## VI. Findings of Fact and Conclusions of Law

### A. Ground One

As Ground One, George alleges counsel was ineffective when he failed

to depose and call Deputy H.R. Brooks as a witness. Petition at 5. He states

that both Deputy Brooks and Officer Donald Crews responded to the crime

scene, which resulted in conflicting reports of the incident. <u>Id.</u> George raised

a substantially similar claim as ground one of his Rule 3.850 Motion. <u>Id.</u> at

695-97. In denying relief on ground one, the postconviction court stated in

pertinent part:

> This allegation is in regard to Deputy H.R.
> Brooks of the Jacksonville Sheriff's Office. The
> Defendant outlines the testimony that the Detective
> would have given as summarized in the police
> reports. The Defendant claims in his allegation that
> Detective Brooks was listed in the State's discovery
> exhibit. The Defendant did not attach such [an]
> exhibit to this Motion. The court record shows that
> there are only two State's discovery exhibits and one
> Defense discovery exhibit. Detective Brooks is not
> listed on any of those discovery exhibits.
>
> The Defendant does not allege how the
> testimony would have affected the outcome of the
> trial. The Detective's testimony as listed by the
> Defendant in his allegation, if taken as true, actually

11

supports the verdict of guilty in that the Detective's summation is consistent with the evidence at trial. The Defendant cannot show how the failure to depose and call this witness proves that Counsel was deficient. Assuming arguendo, that Counsel's performance was deficient, this Defendant cannot show prejudice. Two minor children testified that the Defendant rang the bell, broke their front door, and stepped into the residence. The Defendant made statements to detectives that he broke into the home to steal a gaming system to sell on the street for a little money. The failure to depose and call Detective Brooks does not create a probability sufficient to undermine confidence in the reliability of the verdict. Consequently, the Defendant is not entitled to relief.

Id. at 720 (record citations and emphasis omitted). The First DCA per curiam affirmed the denial of relief without a written opinion. Id. at 787.

To the extent that the First DCA decided the claim on the merits,[3] the Court will address the claim in accordance with the deferential standard for federal court review of state court adjudications. After a review of the record and the applicable law, the Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of

---

[3] Throughout this Order, in looking through the appellate court's per curiam affirmance to the circuit court's "relevant rationale," the Court presumes that the appellate court "adopted the same reasoning." Wilson, 138 S. Ct. at 1194.

the evidence presented in the state court proceedings. Thus, George is not entitled to relief on the basis of this claim.

Nevertheless, even if the appellate court's adjudication of the claim is not entitled to deference, George's ineffectiveness claim is without merit. To prove the offense of burglary of an occupied dwelling, the State had to demonstrate George entered a structure owned by the victim, and, at the time of entering the structure, George had the intent to commit a theft in that structure. Doc. 17-1 at 65; Fla. Std. Jury. Instr. (Crim.) 13.1. Additionally, the State was required to show "there was another human being in the structure, at the time [George] entered or remained in the structure." Id. at 67. In his Rule 3.850 Motion, George alleged Deputy Brooks would have testified that George "kicked in [the victim's] front door while she was at work; that her two minor children were in the house during the incident and confronted [George]; that [George] fixed the front door and fled the scene; that [George] did not touch anything but the front door of the home."[4] Doc. 17-1 at 695. Therefore, the alleged testimony from Deputy Brooks would have supported a finding that George committed elements of

---

[4] The Court further notes that Deputy Brooks's alleged testimony does not materially conflict with Officer Crews's trial testimony or report. Doc. 17-1 at 16, 389-90.

the offense. As such, counsel was not deficient when he failed to call Brooks as a witness.

Even assuming arguendo deficient performance by counsel, George has not shown any resulting prejudice. Other witnesses at trial provided testimony similar to the proposed testimony of Deputy Brooks. The victim's sons testified that George broke the front door and entered the house while they were inside it. Id. at 341-44, 357, 359  Detective Vincent Agresano and Officer Donald Crews confirmed that George confessed to breaking the front door and entering the house with the intent to steal electronics and video games. Id. at 389, 402, 406-407. Therefore, Deputy Brooks would only have provided cumulative testimony. George has not shown a reasonable probability exists that the outcome of the case would have been different if counsel had called Deputy Brooks as a witness. His ineffectiveness claim is without merit because he has shown neither deficient performance nor resulting prejudice. Accordingly, George is not entitled to federal habeas relief on the claim in Ground One.

## B. Ground Two

In Ground Two, George contends that counsel was ineffective when he failed to file a motion to suppress George's confession. Petition at 7.

14

According to George, law enforcement officers never advised him of his Miranda[5] rights when they arrested him at his mother's house. Id. George therefore argues "any claimed confession at his home [is] void absen[t] being Mirandized at the jail." Id.

George raised a substantially similar claim as ground one-subclaim two of his Rule 3.850 Motion. Doc. 17-1 at 697-700. In denying relief, the postconviction court stated in pertinent part:

> The Defendant alleges that Counsel should have objected to the admission of his statements to the Detective and that Counsel should have argued in the Motion for Judgment of Acquittal that the State failed to prove an element of burglary independent of the Defendant's statement. The argument is without merit. There was evidence at trial from the minor witnesses that the Defendant broke the door and stepped into the residence. See Campbell v. State, 139 So. 3d 490, 498 (Fla. 2d DCA 2014). Therefore, the Defendant is not entitled to relief.

Id. at 721. The First DCA per curiam affirmed the denial of relief without a written opinion. Id. at 787.

To the extent that the First DCA decided the claim on the merits, the Court will address the claim in accordance with the deferential standard for federal court review of state court adjudications. After a review of the record

---

[5] Miranda v. Arizona, 384 U.S. 436 (1966).

15

and the applicable law, the Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, George is not entitled to relief on the basis of this claim.

Nevertheless, even if the appellate court's adjudication of the claim is not entitled to deference, George's ineffectiveness claim is without merit. The record reflects that Officer Crews apprehended George at his mother's house and advised him of his <u>Miranda</u> rights, including the right to remain silent and to retain an attorney. Doc. 17-1 at 387-88. Officer Crews noted that George agreed to speak with him. <u>Id.</u> at 389. George admitted to Officer Crews that he intended to steal video games and a video game system from the victim, so he forced open the door to her house. <u>Id.</u> at 389. Officer Crews then arrested George. <u>Id.</u> at 390. Following George's transfer to the police station, Detective Agresano interviewed him. <u>Id.</u> at 401. Detective Agresano testified that because George could not read or write, he read each <u>Miranda</u> right to George and asked him if he understood it, after which George initialed the line on the form. <u>Id.</u> Detective Agresano asked George "if he had

16

any questions about the entire rights." Id. He testified George did not have any questions and signed the form, after which George agreed to speak with him. Id. at 401-02.

Based on the above, counsel had no basis to file a motion to suppress the confession. Law enforcement officers advised George of his Miranda rights on two occasions, and George provided a knowing, intelligent, and voluntary waiver of those rights. See Ramirez v. State, 739 So. 2d 568, 575 (Fla. 1999) (noting that a suspect must knowingly, intelligently, and voluntarily waive his Miranda rights). Counsel is not deficient for failing to raise a meritless argument. See Diaz v. Sec'y for the Dep't of Corr., 402 F.3d 1136, 1142 (11th Cir. 2005) (holding counsel cannot be ineffective for failing to raise a meritless argument). As such, George has failed to carry his burden of showing that his counsel's representation fell outside that range of reasonably professional assistance.

Even assuming arguendo deficient performance by counsel, George has not shown any resulting prejudice. He has not shown that a reasonable probability exists that the outcome of the case would have been different if counsel had acted as George claims he should have. His ineffectiveness claim is without merit because he has shown neither deficient performance nor

resulting prejudice. Therefore, George is not entitled to federal habeas relief on the claim in Ground Two.

## C. Ground Three

Lastly, George argues counsel was ineffective when he failed to request a jury instruction on abandonment. Petition at 8. He maintains that he left the victim's house without taking anything; therefore, he abandoned any "intent to 'take' from within the dwelling." Id. George raised a similar claim as ground one-subclaim three of his Rule 3.850 Motion. Doc. 17-1 at 700-03. In denying relief, the postconviction court stated in pertinent part:

> The Defendant's allegation is without merit. The undisputed facts of the case show that the home in question was occupied by two minor children at the time of the incident. The dispute in the case was whether Defendant's actions of breaking the door were accidental and/or whether he abandoned the intent. Trial Counsel in this case requested the lesser included offenses of Attempted Burglary, Criminal Mischief and a special instruction on Abandonment. The Defendant cannot show that Counsel's performance was deficient or that he was prejudiced. These requests were supported by the evidence, covered the theory of defense, was a correct statement of the law, and was not misleading or confusing to the jury. Therefore, the Defendant is not entitled to relief.

Id. at 721-22 (record citation omitted). The First DCA per curiam affirmed the denial of relief without a written opinion. Id. at 787.

18

To the extent that the First DCA decided the claim on the merits, the Court will address the claim in accordance with the deferential standard for federal court review of state court adjudications. After a review of the record and the applicable law, the Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, George is not entitled to relief on the basis of this claim.

Nevertheless, even if the appellate court's adjudication of the claim is not entitled to deference, George's ineffectiveness claim is without merit because the record refutes it. During the charge conference, counsel requested jury instructions on attempted burglary and abandonment. Doc. 17-1 at 424-32. The trial court denied both instructions, specifically noting that the abandonment instruction did not apply where the State never charged George with attempted burglary and the facts did not support such an instruction. Id. at 431-32. As such, counsel was not deficient where he requested the abandonment instruction as George claims he should have.

Accordingly, George is not entitled to federal habeas relief on the claim in Ground Three.

## VII. Certificate of Appealability
## Pursuant to 28 U.S.C. § 2253(c)(1)

If George seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, George "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists

20

of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, the Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.     The Petition (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2.     The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3.     If George appeals the denial of the Petition, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

21

4.     The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of March, 2023.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 3/16
C:     Alfred L. George, #036566
       Counsel of record

22